UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARCIE FISHER-BORNE, for herself and as guardian *ad litem* for M.F.-B., a minor; *et al.*;<br><br>Plaintiffs,<br><br>v.<br><br>JOHN W. SMITH, in his official capacity as the Director of the North Carolina Administrative Office of the Courts; *et al.*;<br><br>Defendants. | CIVIL ACTION NO. 12-cv-00589 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT COVINGTON'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

## TABLE OF CONTENTS

Page

INTRODUCTION ...............................................................................................................1

THE ALLEGATIONS IN THE COMPLAINT ..................................................................2

ARGUMENT .....................................................................................................................4

I. LEGAL STANDARD.................................................................................4

II. PLAINTIFFS HAVE STANDING TO BRING THIS ACTION AND THIS COURT HAS SUBJECT MATTER JURISDICTION ...............................5

III. PLAINTIFFS HAVE PLEADED VIOLATIONS OF THE EQUAL PROTECTION AND DUE PROCESS CLAUSES AGAINST DEFENDANT COVINGTON ..........................................................................................8

CONCLUSION ..................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bell Atl. Corp.* v. *Twombly*,
   550 U.S. 544 (2007)...............................................................................................5

*Blackburn* v. *Trs. of Guilford Tech. Cmty. Coll.*,
   822 F. Supp. 2d 539 (M.D.N.C. 2011) ...................................................................5

*E. Shore Mkts, Inc.* v. *J.D. Assocs.*,
   213 F.3d 175 (4th Cir. 2000)...................................................................................5

*Equity In Athletics, Inc.* v. *Dep't of Educ.*,
   639 F.3d 91 (4th Cir. 2011)......................................................................................6

*Evans* v. *B.F. Perkins Co.*,
   166 F.3d 642 (4th Cir. 1999)....................................................................................4

*Ex Parte Young*,
   209 U.S. 123 (1908).................................................................................................9

*Finlator* v. *Powers*,
   902 F.2d 1158 (4th Cir. 1990)..................................................................................7

*Home Tel. & Tel. Co.* v. *City of Los Angeles*,
   227 U.S. 278 (1913).................................................................................................8

*Hudson* v. *McMillian*,
   503 U.S. 1 (1992) ....................................................................................................6

*Lujan* v. *Defenders of Wildlife*,
   504 U.S. 555 (1992).................................................................................................5

*Martinez* v. *Clark Cnty., Nev.*,
   846 F. Supp. 2d 1131 (D. Nev. 2012) .....................................................................5

*Monell* v. *Dep't of Social Servs. of City of N.Y.*,
   436 U.S. 658 (1978).................................................................................................8

*Monroe* v. *Pape*,
   365 U.S. 167 (1961).................................................................................................8

# TABLE OF AUTHORITIES
(*continued*)

**Page(s)**

*Ne. Fla. Chapter of Assoc. Gen. Contractors of Am.* v. *City of Jacksonville, Fla.*,
  508 U.S. 656 (1993) ........................................................................................................ 5

*Perry* v. *Schwarzenegger*,
  704 F. Supp. 2d 921 (N.D. Cal. 2010) ............................................................................ 9

*Planned Parenthood of S.C., Inc.* v. *Rose*,
  361 F.3d 786 (4th Cir. 2004) .......................................................................................... 6

*Price* v. *City of Charlotte*,
  93 F.3d 1241 (4th Cir. 1996) .......................................................................................... 5

*S.C. Wildlife Fed'n* v. *Limehouse*,
  549 F.3d 324 (4th Cir. 2008) .......................................................................................... 9

*Steel Co.* v. *Citizens for a Better Env't*,
  523 U.S. 83 (1998) .......................................................................................................... 5

*Turner* v. *Fouche*,
  396 U.S. 346 (1970) ........................................................................................................ 7

*United States* v. *Raines*,
  362 U.S. 17 (1960) .......................................................................................................... 8

*United States* v. *Windsor*,
  133 S. Ct. 2675 (2013) .................................................................................................... 6

*Walters* v. *McMahen*,
  684 F.3d 435 (4th Cir. 2012) .......................................................................................... 5

### OTHER AUTHORITIES

42 U.S.C. § 1983 ..................................................................................................................... 2

Fed. R. Civ. P. 12 ................................................................................................................... 4

N.C. Const. art. XIV, § 6 .................................................................................................... 3, 9

N.C. Gen. Stat. § 51-1 to 51-4 ............................................................................................... 7

N.C. Gen. Stat. § 51-1.2 ..................................................................................................... 3, 9

**Page(s)**

N.C. Gen. Stat. § 51-8 ................................................................................................7, 8

U.S. Const. amend XIV ................................................................................. *passim*

## INTRODUCTION

Defendant Willie Covington ("Covington"), the Register of Deeds of Durham County with responsibility for issuing marriage licenses pursuant to the laws of the State of North Carolina, like Defendant Jeff Thigpen, the Register of Deeds for Guilford County, does not challenge the substance of the claims raised in the First Amended Complaint (the "Complaint"). (*See* Answer of Jeff Thigpen (Dkt. No. 67).)[1] Covington instead moves to dismiss the Complaint on narrow grounds based on two underlying misconceptions of Plaintiffs' claims, as shown in detail below.

Covington's motion is without merit. *First*, Covington argues that Plaintiffs have not articulated facts sufficient to establish an injury in fact that is fairly traceable to Covington's actions because the unmarried adult Plaintiffs have not alleged that they presented an application to Covington for a marriage license. (Br. at 5.)[2] However, Plaintiffs have alleged, and Covington's Brief confirms (Br. at 7), that presenting such applications to Covington would be futile. And, Covington admits that he would follow the letter of the North Carolina law that Plaintiffs are challenging as unconstitutional and deny any such marriage application presented to him, which is sufficient to allow standing. The law does not require that Plaintiffs undertake an act to establish Article III jurisdiction that the Defendant himself admits would be futile.

*Second*, Covington argues that he cannot be liable in his official capacity as Register of Deeds of Durham County because he merely has complied with North Carolina's laws and

---

[1] Only the Fifth, Seventh and Eighth Causes of Action are brought against Defendants Covington and Jeff Thigpen. (FAC ¶¶ 396–404, 414–32.)

[2] Citations to the Brief (Br.) are citations to the Memorandum of Law in Support of Defendant Covington's Motion to Dismiss the Amended Complaint (Dkt. No. 64).

therefore did not engage in any misconduct. (Br. at 6–9.) However, Plaintiffs have alleged that North Carolina's laws categorically prohibiting gays and lesbians from marrying are unconstitutional, and thus by applying these laws, Covington has violated Plaintiffs' equal protection and due process rights. Plaintiffs have not sought damages from Covington for these violations; rather they seek to enjoin him from further violations if Plaintiffs prevail and this Court finds that North Carolina's marriage laws are unconstitutional.

In fact, Covington's own admissions provide more than an adequate basis to deny his motion. Covington acknowledges that he determines whether to issue marriage licenses to applicants such as Plaintiffs (Br. at 5), that he would not issue a license to a gay or lesbian couple such as Plaintiffs (*id.*), and that he has no discretion in the matter but is required to deny such an application (*id.* at 7) based on the very law that the Complaint alleges is unconstitutional. Although Covington claims it is "incomprehensible" to bring suit against Covington for "a law that he did not make" (*id.*), that is the point of an "official capacity" lawsuit under 42 U.S.C. § 1983. He is not being sued in his personal capacity, and thus the issue in establishing jurisdiction is not whether Covington himself enacted or supports the law. He undeniably enforces it, causing harm to the Plaintiffs and the violation of their constitutional rights, and as a result, the relief sought by the Complaint with respect to Covington would cure Plaintiffs' harm. Consequently, Covington is undeniably a proper defendant.

**THE ALLEGATIONS IN THE COMPLAINT**

Plaintiffs are six North Carolina families, each headed by a gay or lesbian couple in a committed, long-term relationship raising one or more children. (FAC ¶ 1.) Each couple seeks the freedom to marry each other in North Carolina ("Unmarried Plaintiffs") or to have their out-of-state

-2-

Case 1:12-cv-00589-WO-JEP   Document 70   Filed 10/15/13   Page 7 of 16

marriages recognized in North Carolina ("Married Plaintiffs"). (FAC ¶¶ 1, 12.) Because of the gender and sexual orientation of the adult Plaintiffs, North Carolina law denies the Unmarried Plaintiffs the freedom to marry and provides that the Married Plaintiffs' marriages are not "valid or recognized in this State." (FAC ¶ 4 (citing N.C. Const. art. XIV, § 6).)[3] The Complaint raises multiple other claims that are not relevant to this motion.

As relevant to Defendant Covington, the Complaint alleges three counts of unconstitutional discrimination based on North Carolina's prohibition against marriage of same-sex couples. This prohibition violates (i) the equal protection rights of the Unmarried Plaintiffs because the law discriminates against the Unmarried Plaintiffs on the basis of their sexual orientation and sex (FAC ¶¶ 396–404); (ii) the equal protection rights of the Child Plaintiffs because the law discriminates against the Child Plaintiffs on the basis of their parents' sexual orientation and sex (FAC ¶¶ 414–25); and (iii) the due process rights of the Unmarried Plaintiffs because the law denies these Plaintiffs the fundamental right to marriage (FAC ¶¶ 426–32).

Plaintiffs also have described the concrete and ongoing harms that they have suffered as a result of the discrimination undeniably caused by the state laws at issue. As alleged in the Complaint, North Carolina's denial of the freedom of same-sex couples to marry causes Plaintiffs to suffer numerous harms. (*See, e.g.*, FAC ¶¶ 13, 136, 204, 225, 250, 319–28.) Plaintiffs are deprived of many legal protections available to married spouses, including benefits available under tax laws, inheritance laws, retirement benefits and insurance laws and contracts. (FAC ¶¶ 13, 322–24.) Plaintiffs also suffer psychological harms. The Unmarried Plaintiffs and their children are

---

[3] *See also* N.C. Gen. Stat. § 51-1.2.

denied the social recognition that comes with marriage, and the public rejection of the Unmarried Plaintiffs' relationships promotes the view that their relationships and their families are inferior to those of other committed couples. (FAC ¶¶ 136, 225, 248, 320–21, 326–27.) The Complaint also alleges that many of the Unmarried Plaintiffs fear that their children will experience ridicule and adversity because their parents are in relationships that the State of North Carolina has stigmatized. (FAC ¶¶ 136, 225.)

Defendant Covington, as the Register of Deeds for Durham County, is entrusted with the authority to carry out certain North Carolina laws, including the issuance of marriage licenses and certificates. (FAC ¶ 342.) In this official capacity, Covington presides over applications for marriage licenses, deciding, as he acknowledges (Br. at 5), whether such licenses will be issued. (FAC ¶¶ 343–44.) Covington is required to follow the laws of North Carolina. (FAC ¶ 352.) Because the laws of the State of North Carolina categorically prohibit gays and lesbians from marrying, Covington necessarily would reject any application for marriage submitted by any of the Unmarried Plaintiffs. (FAC ¶¶ 354, 359.) The Unmarried Plaintiffs intend to seek and would seek to marry were marriage available to them, but it would be futile for the Unmarried Plaintiffs to apply for marriage licenses from Covington. (FAC ¶¶ 358–59.)

## ARGUMENT

### I. LEGAL STANDARD

When deciding a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the party challenging jurisdiction can prevail only if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans* v. *B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). To survive a motion to dismiss filed under Rule 12(b)(6), a

complaint must simply "advance the plaintiff's claim across the line from conceivable to plausible," *Walters* v. *McMahen*, 684 F.3d 435, 439 (4th Cir. 2012); *see Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007), and "need only give the defendant fair notice of what the claim is and the grounds upon which it rests," *Blackburn* v. *Trs. of Guilford Tech. Cmty. Coll.*, 822 F. Supp. 2d 539, 549 (M.D.N.C. 2011) (internal citations omitted). A court must accept all alleged facts as true and construe them in the light most favorable to the plaintiff. *See E. Shore Mkts, Inc.* v. *J.D. Assocs.*, 213 F.3d 175, 180 (4th Cir. 2000).

## II. PLAINTIFFS HAVE STANDING TO BRING THIS ACTION AND THIS COURT HAS SUBJECT MATTER JURISDICTION.

To establish standing to maintain an action in federal court, a plaintiff must allege: (1) injury in fact, (2) "a fairly traceable connection between the plaintiff's harm and the complained-of conduct of the defendant," and (3) "a likelihood that the requested relief will redress the alleged injury." *Steel Co.* v. *Citizens for a Better Env't*, 523 U.S. 83, 103 (1998); *see also Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Covington does not contest that Plaintiffs have suffered an injury in fact, which "is the denial of equal treatment resulting from the imposition of the barrier" by the government. *Price* v. *City of Charlotte*, 93 F.3d 1241, 1247 (4th Cir. 1996); *Martinez* v. *Clark Cnty., Nev.*, 846 F. Supp. 2d 1131, 1140 (D. Nev. 2012) (quoting *Ne. Fla. Chapter of Assoc. Gen. Contractors of Am.* v.

*City of Jacksonville, Fla.*, 508 U.S. 656, 666 (1993)).[4] Covington admits that this barrier to equal protection exists, as he concedes that he must deny a marriage license to any same-sex couple seeking one because he "must determine that the applicants for the license are one male and one female." (Br. at 7; *see also id*. at 3, 5.)[5] There is no question that Plaintiffs have satisfied the injury requirement for an equal protection claim against Covington. *See Planned Parenthood of S.C., Inc.* v. *Rose*, 361 F.3d 786, 790 (4th Cir. 2004) ("Discriminatory treatment is a harm that is sufficiently particular to qualify as an actual injury for standing purposes.").

Nor does Covington dispute that Plaintiffs have shown redressability. If this action is resolved in Plaintiffs' favor, North Carolina law cannot be applied to prohibit the Unmarried Plaintiffs from receiving marriage licenses, which is the relief the Unmarried Plaintiffs and the Child Plaintiffs seek. "This court assumes the merits of a dispute will be resolved in favor of the party invoking our jurisdiction in assessing standing." *Equity In Athletics, Inc.* v. *Dep't of Educ.*, 639 F.3d 91, 99 (4th Cir. 2011). As a Register of Deeds, Covington would have the power to issue a marriage license to the Unmarried Plaintiffs if they prevail. (FAC ¶¶ 342–43.) Indeed, Covington essentially concedes redressability by arguing that if Plaintiffs met the requirements for issuing a marriage license under North Carolina law, he would issue the marriage license. (Br. at 6-7.)

---

[4] Even if Covington's argument could be read to dispute the existence of an injury in fact, the Complaint alleges multiple, concrete injuries from the deprivations occasioned by state law, such as the ongoing denial of benefits and the deprivation of rights and legal protections (such as the denial of tax savings afforded to married couples). (*See, e.g.*, FAC ¶¶ 136, 204, 225, 250, 319–24.) Plaintiffs have also alleged psychological harms, including fear about the consequences of the Unmarried Plaintiff's lack of a legal, marital relationship, as well as feelings of inferiority and stigma due to the exclusion from the institution of marriage. (*See, e.g.*, FAC ¶¶ 15, 136, 225, 248, 326–27.) *See generally United States* v. *Windsor*, 133 S. Ct. 2675, 2684 (2013) (finding standing due to denial of tax benefit that would be available for married couples); *Hudson* v. *McMillian*, 503 U.S. 1, 16 (1992) (recognizing that "psychological pain" is cognizable injury for constitutional claims).

[5] Plaintiffs have also alleged that North Carolina law creates a class of children, including the Child Plaintiffs, who cannot have married parents. (FAC ¶ 419.)

Plaintiffs' claim is that they have met all the requirements for a marriage license and would apply for one, with the sole exception that they are of the same sex, (FAC ¶¶ 354, 358), and that exception is unconstitutional.

The only element of standing that Covington does dispute is traceability. *First*, Covington argues that because the Unmarried Plaintiffs are not residents of Durham County, they "are not likely to present to Defendant Covington for a marriage license in Durham County" because they are from different counties. (Br. at 6.) This is irrelevant, however, because under North Carolina law, there is no county residence requirement for the issuance of marriage licenses, and each Register of Deeds must issue marriage licenses to couples who meet the North Carolina marriage requirements. *See* N.C. Gen. Stat. §§ 51-1 to 51-4, 51-8. The Complaint simply alleges that Plaintiffs would seek marriage licenses if their applications were not futile (FAC ¶¶ 358–59), and there is no allegation, law or policy that would prevent each of the Unmarried Plaintiffs from seeking such a license from Covington.

*Second*, Covington argues that the Complaint should be dismissed because the Unmarried Plaintiffs did not ask Covington to issue a marriage license. But, as Covington admits, that act would be futile, because North Carolina law mandates that the Register of Deeds reject an application for a marriage license by any of the Unmarried Plaintiffs (Br. at 7 (citing N.C. Gen. Stat. §§ 51-1, 51-8)) because they are a same-sex couple, and Covington admits he would enforce that restriction (*id.*). For purposes of standing, a party need not apply to the state and be rejected when it is uncontested that the relief sought would be denied. *Turner* v. *Fouche*, 396 U.S. 346, 361 n.23 (1970); *Finlator* v. *Powers*, 902 F.2d 1158, 1162 (4th Cir. 1990) (it would be an "untenable waste of judicial resources" to force plaintiffs to undertake a futile action in order to establish standing).

## III. PLAINTIFFS HAVE PLEADED VIOLATIONS OF THE EQUAL PROTECTION AND DUE PROCESS CLAUSES AGAINST DEFENDANT COVINGTON.

Covington argues that "Plaintiffs have failed to state a claim upon which relief can be granted against Defendant Covington because Defendant Covington has performed his duties as Register of Deeds in Durham County according to NC General Statutes § 51-8." (Br. at 6.) Covington contends that by following North Carolina state law, he did not "engage[] in any misconduct." (Br. at 9.) However, it is precisely because Covington performs his duties in accordance with unconstitutional North Carolina laws that Plaintiffs have adequately pleaded violations of the Equal Protection and Due Process Clauses against Covington. The issue is not "misconduct," but whether Covington enforces an unconstitutional law, which the Complaint plainly alleges.

It is a "fundamental proposition that every state official, high and low, is bound by the Fourteenth . . . Amendment[]." *United States* v. *Raines*, 362 U.S. 17, 25 (1960). Plaintiffs may seek a remedy for violations of the Fourteenth Amendment "against those who carry a badge of authority of a State and represent it in some capacity, *whether they act in accordance with their authority* or misuse it." *Monroe* v. *Pape*, 365 U.S. 167, 172 (1961) (emphasis added), *overruled on other grounds by*, *Monell* v. *Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658 (1978); *see also Home Tel. & Tel. Co.* v. *City of Los Angeles*, 227 U.S. 278, 288 (1913). Thus, contrary to Covington's assertion, the Complaint "directly link[s]" the Unmarried Plaintiffs and their families with the "conduct of Defendant Covington." (Br. at 9.) Covington, a state actor (FAC ¶ 342), violates Plaintiffs' rights under the Fourteenth Amendment because, by his own admission (Br. at 7), he is required to deny any applications for marriage licenses by same-sex couples under allegedly

unconstitutional state laws.  *See* N.C. Const. art. XIV, § 6; N.C. Gen. Stat. § 51-1.2.[6]  As such, he can be sued to be enjoined from enforcing North Carolina law to the extent that it violates the Fourteenth Amendment.  *S.C. Wildlife Fed'n* v. *Limehouse*, 549 F.3d 324, 332 (4th Cir. 2008); *Ex Parte Young*, 209 U.S. 123, 159–60 (1908); *Perry* v. *Schwarzenegger*, 704 F. Supp. 2d 921, 1004 (N.D. Cal. 2010) (enjoining enforcement of unconstitutional state marriage law by county clerks).

---

[6] In his motion to dismiss, Covington does not defend these state laws.  In any event, Plaintiffs incorporate the arguments made on pages 9–19 of their Memorandum of Law in Opposition to the State Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, that North Carolina's prohibition against marriage by same-sex couples violates the Equal Protection and Due Process Clauses.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Covington's motion to dismiss. Should the Court determine that any claim is not sufficiently pled, Plaintiffs request permission to file a Second Amended Complaint.

Dated: October 15, 2013
        Raleigh, North Carolina

| | |
|---|---|
| | /s/ Jonathan D. Sasser |
| Rose A. Saxe | Jonathan D. Sasser |
| James D. Esseks | N.C. State Bar No. 10028 |
| American Civil Liberties Union Foundation | Jeremy M. Falcone |
| 125 Broad Street | N.C. State Bar No. 36182 |
| New York, New York 10004-2400 | Ellis & Winters LLP |
| Telephone: (212) 549-2500 | P.O. Box 33550 |
| Facsimile: (212) 549-2646 | Raleigh, North Carolina 27636 |
| rsaxe@aclu.org | Telephone: (919) 865-7000 |
| jesseks@aclu.org | Facsimile: (919) 865-7010 |
| | jon.sasser@elliswinters.com |
| | jeremy.falcone@elliswinters.com |
| Elizabeth O. Gill | |
| American Civil Liberties Union Foundation | |
| 39 Drumm Street | Garrard R. Beeney |
| San Francisco, California 94111-4805 | David A. Castleman |
| Telephone: (415) 343-1237 | C. Megan Bradley |
| Facsimile: (415) 255-1478 | William R.A. Kleysteuber |
| egill@aclunc.org | Daniel W. Meyler |
| | Sullivan & Cromwell LLP |
| | 125 Broad Street |
| Christopher Brook | New York, New York 10004-2498 |
| N.C. State Bar No. 33838 | Telephone: (212) 558-4000 |
| ACLU of North Carolina | Facsimile: (212) 558-3588 |
| P.O. Box 28004 | BeeneyG@sullcrom.com |
| Raleigh, North Carolina 27611-8004 | CastlemanD@sullcrom.com |
| Telephone: (919) 834-3466 | BradleyC@sullcrom.com |
| Facsimile: (866) 511-1344 | KleysteuberR@sullcrom.com |
| cbrook@acluofnc.org | MeylerD@sullcrom.com |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2013, I electronically filed the foregoing **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT COVINGTON'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record for Defendants.

/s/ Jonathan D. Sasser
Jonathan D. Sasser
N.C. State Bar No. 10028
Ellis & Winters LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone Number: (919) 865-7000
Facsimile Number: (919) 865-7010
jon.sasser@elliswinters.com