MARCIE FISHER-BORNE, for herself and as guardian ad litem for M.F.-B., a minor; CHANTELLE FISHER-BORNE, for herself and as guardian ad litem for E.F.-B., a minor; TERRI BECK; LESLIE ZANAGLIO, for herself and as guardian ad litem for T.B.Z. and D.B.Z., both minors; SHANA CARIGNAN; MEGAN PARKER, for herself and as guardian ad litem for J.C., a minor; LEIGH SMITH; CRYSTAL HENDRIX, for herself and as guardian ad litem for J.H.-S., a minor; DANA DRAA; LEE KNIGHT CAFFERY, for herself and as guardian ad litem for M.M.C.-D. and M.L.C.-D., both minors; SHAWN LONG; CRAIG JOHNSON, for himself and as guardian ad litem for I.J.-L., a minor;

        Plaintiffs,

v.

JOHN W. SMITH, in his official capacity as the Director of the North Carolina Administrative Office of the Courts; THE HONORABLE DAVID L. CHURCHILL, in his official capacity as Clerk of the Superior Court of Guilford County; THE HONORABLE ARCHIE L. SMITH III, in his official capacity oas Clerk of the Superior Court for Durham County; ROY COOPER, in his official capacity as the Attorney General of North Carolina; WILLIE COVINGTON, in his official capacity as the Register of Deeds for Durham County; and JEFF THIGPEN, in his official capacity as the Register of Deeds for Guilford County;

        Defendants.

Case No. 1:12-cv-00589

**REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT COVINGTON'S MOTION TO DISMISS**

Defendant Willie Covington ("Defendant Covington") replies to Plaintiffs' Memorandum of Law in Opposition to Defendant Covington's Motion To Dismiss, as follows:

### Introduction

Plaintiffs acknowledge that they have not sought damages from Defendant Covington for violations of their equal protection and due process rights; but, rather, they seek to enjoin him from "further violations *if Plaintiffs' prevail and this court finds that North Carolina's marriage laws are unconstitutional"*. (emphasis added) (Br. at 2). Plaintiffs' bare assertion in support of their claim is contradictory on its face and provides further support for Defendant Covington's position. They, on one hand, allege that Defendant Covington should be enjoined from, what they have described as, "further violations"; yet, on the other, acknowledge that he has done nothing wrong because the laws he is charged with applying have not been deemed unconstitutional pursuant to our current jurisprudence. Hence, the proposition that he has engaged in "violations" of the law is admittedly an exercise in self-deception. Accordingly, it is Defendant Covington's continued position that Plaintiffs have not articulated sufficient facts to establish that there is an "injury in fact that is fairly traceable to [Defendant Covington's] actions", *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and that Plaintiffs have failed to state a claim upon which relief can be granted.

### I. Plaintiffs' Do Not Have Standing To Bring This Action And This Court Does Not Have Subject Matter Jurisdiction Over It.

In finding that an injury is traceable to the actions of a defendant a Plaintiff must show directness to the injury that is traceable to the defendant. *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983).

A direct injury is one close in the "chain of causation" to the violation. *AGC,* 459 U.S. at 540, 103 S.Ct. at 909–910. Local governments, depending on the allegations, can be sued directly for monetary, declaratory or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers; however, in order for a governmental unit to be liable, the policy or custom must be a proximate cause of the constitutional violation. 42 U.S.C.A. § 1983. The facts presented in Plaintiffs' complaint are insufficient to warrant the relief requested because they fail to establish the causation or proximate cause standard, as required by *Lujan*. Additionally, there are no facts to show that the law the Plaintiffs allege to be unconstitutional constitute a policy, ordinance, or regulation, etc. officially adopted by Defendant Covington. The marriage laws of this state are simply that, the laws of this state. They are not created by the Register of Deeds. The marriage laws of this state do not constitute a policy statement, ordinance, regulation or decision officially adopted by Defendant Covington; nor are they promulgated by his office. Defendant Covington is no more than a legal conduit. The United States Supreme Court has admitted that all powers of the government are exercised through individual agency and private contracts and by no other method. *Osborn v. Bank of U.S.*, 22 U.S. 738 (1824). Defendant Covington is not the nexus to any alleged consequences resulting from the establishment of these laws.

Furthermore, on more than one occasion, the United States Supreme Court has recognized the fact that, marriage involves interests of basic importance in our society. *See, e.g., Loving v. Virginia*, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967); *Skinner v. Oklahoma, ex rel. Williamson*, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942); *Meyer v. Nebraska*, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923). In so doing, the Court has acknowledged that it

does not find it surprising, then, that the States have seen fit to oversee many aspects of that institution, stating, "[w]ithout a prior judicial imprimatur, individuals may freely enter into and rescind commercial contracts, for example, but we are unaware of any jurisdiction where private citizens may covenant for or dissolve marriages without state approval." *Boddie v. Connecticut*, 401 U.S. 371, 376, 91 S. Ct. 780, 785, 28 L. Ed. 2d 113 (1971). The operative phrase here is, "state approval".

This action against Defendant Covington, based on Plaintiffs brief, (Br. at p4.) is brought simply because he is the Register of Deeds in Durham County. This, alone, is insufficient for the court to exercise jurisdiction over this action as it pertains to Defendant Covington. Furthermore, this, too, is insufficient for the court to enjoin Defendant Covington from performing his duties as required by law. The directness of the injury Plaintiffs allege is too remote. Defendant Covington is not the proximate cause of their alleged injuries and is not properly named in this action. "Since it is competent for the legislature to impose conditions in respect to the marriage relation, it is also competent for it to remove those conditions", *Baity v. Cranfill*, 91 N.C. 293 (1884), not Defendant Covington. When or if those conditions are removed, Defendant Covington's conduct in issuing marriage licenses will be amended to reflect those changes.

> **II. The Plaintiffs Have Failed To State a Claim Upon Which Relief Can Be Granted Against Defendant Covington Because Defendant Covington Performed His Duties as Register of Deeds Of Durham County, As Required By Law**.

Defendant Covington, pursuant to N.C. Gen. Stat. § 161-3, took the oath of office upon his election vowing to support and maintain the Constitution and laws of the United States and the Constitution and laws of North Carolina, not inconsistent therewith, and to faithfully discharge the duties of his office as Register of Deeds to the best of his knowledge and ability. N.C. Gen. Stat. §11-7. Any register of deeds who fails to perform any of the duties imposed or

authorized by law, shall be guilty of a Class 1 misdemeanor, and shall be removed from office. N.C. Gen. Stat. §161-27. For that reason, Defendant Covington has no discretion as it pertains to the issuance of marriage licenses in this instance and is bound by the charge of his office to apply and uphold the law, whatever it may be.

Any cause of action brought against Defendant Covington for obeying the laws of the state, whatever they may be, should be dismissed, as they fail to state a claim upon which relief can be granted. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke,* 490 U.S at 326, 109 S.Ct. 1827. "This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding." *Id.* at 326–27, 109 S.Ct. 1827. Although the Supreme Court has subsequently made clear that the factual allegations in a complaint must make entitlement to relief plausible and not merely possible, *see Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554–63, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Therefore, if Plaintiff's complaint contains factual allegations that are essentially a dispositive issue of law, a dismissal is appropriate in this instance. Furthermore, since the complaint gives no indication that Defendant Covington is of the propensity to disregard laws he is obligated to obey, it is safe to conclude that he will obey the law, if it is rewritten as Plaintiffs' request in their complaint. Therefore, his presence in this matter is unnecessary, as it does nothing to further the Plaintiffs cause and the request for relief asking that he be enjoined from issuing marriage licenses as the law currently requires would be moot. Burdening this case with frivolous parties is clearly not the most efficient manner in which the court should proceed. Additionally, based on Plaintiffs logic that they did not/do not need to make an application for a marriage license to Defendant Covington in order for him to be culpable, there are at least 98 other defendants who should be added to this

5

lawsuit. Defendant Covington's duties as Register of Deeds for Durham County are no greater in value and result in no greater harm, if any, than the actions of the other 98 Register of Deeds in North Carolina, who have been conspicuously left out of this action.

## Conclusion

The Complaint as it pertains to Defendant Covington should be dismissed as the Plaintiffs lack standing to bring such an action and, likewise, the Plaintiff's have failed to state a claim upon which relief can be granted.

This the 13th day November 2013.

/s/ Kathy R. Everett-Perry
Kathy R. Everett-Perry
N.C. State Bar No.: 20958
*Counsel for Willie Defendant Covington, in his Official Capacity as Register of Deeds for Durham County*
P.O. Box 3508
Durham, NC 27702
Telephone: (919) 560-0710
Fax: (919) 560-0719
E-mail: keverettperry@dconc.gov

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT COVINGTON'S MOTION TO DISMISS was filed electronically with the Clerk of Court using the CM/ECF system which will serve copies to counsel of record in this matter as indicated below:

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| Jonathan D. Sasser<br>Jeremy M. Falcone<br>Ellis & Winters, LLP<br>P.O. Box 33550<br>Raleigh, NC 27636 | Grady L. Balentine, Jr.<br>Special Deputy Attorney General<br>NC Department of Justice<br>PO Box 629<br>Raleigh, North Carolina 27602 |
| OF COUNSEL:<br><br>Rose A. Saxe<br>James D. Esseks<br>American Civil Liberties Union Foundation<br>125 Broad Street<br>New York, New York 10004-2400 | Olga E. Vysotskaya de Brito<br>Assistant Attorney General<br>NC Department of Justice<br>PO Box 629<br>Raleigh, North Carolina 27602 |
| Elizabeth O. Gill<br>American Civil Liberties Union Foundation<br>39 Drumm Street<br>San Francisco, California 94111-4805 | Charles Whitehead<br>Special Deputy Attorney General<br>NC Department of Justice<br>PO Box 629<br>Raleigh, North Carolina 27602 |
| Christopher Brook<br>ACLU of North Carolina<br>PO Box 28004<br>Raleigh, North Carolina 27611-8004 | J. Mark Payne<br>Guilford County Attorney<br>P. O. Box 3427<br>Greensboro, NC 27402 |

7

Case 1:12-cv-00589-WO-JEP   Document 71   Filed 11/13/13   Page 7 of 8

OF COUNSEL:

Garrard R. Beeney
David A. Castleman
Catherine M. Bradley
William R.A. Kleysteuber
Daniel W. Meyler
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498


This the 13th day of November, 2013.

                                             /s/ Kathy R. Everett-Perry
                                             Kathy R. Everett-Perry
                                             Assistant County Attorney