IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCIE FISHER-BORNE, for )
herself and as guardian <u>ad</u> )
<u>litem</u> for M.F.-B., a minor, )
et al., )
 )
        Plaintiffs, )
 )
  v. ) 1:12CV589
 )
JOHN W. SMITH, in his official )
capacity as the Director of the )
North Carolina Administrative )
Office of the Courts, et al., )
 )
        Defendants. )
 )
─────────────────────────────────
 )
ELLEN W. GERBER, et al., )
 )
        Plaintiffs, )
 )
  v. ) 1:14CV299
 )
ROY COOPER, et al., )
 )
        Defendants. )

**AMENDED ORDER**[1]

Plaintiffs in each of these cases have filed complaints alleging causes of action pursuant to 42 U.S.C. § 1983 challenging the constitutionality of North Carolina's laws

---

[1] This Order is amended to reflect the correct North Carolina General Statute Section 51-1.2.

preventing same-sex couples from marrying and prohibiting recognition of same-sex couples' lawful out-of-state marriages. (1:12CV589 (Doc. 40); 1:14CV299 (Doc. 1).) As to each of these cases, an order was entered dismissing the North Carolina Attorney General as a defendant and allowing the State of North Carolina to intervene and appear by and through the Attorney General as counsel of record. (1:12CV589 (Doc. 114); 1:14CV299 (Doc. 71).) An Answer has been filed by Defendants in both cases and on behalf of the State of North Carolina (1:12CV589 (Doc. 115); 1:14CV299 (Doc. 70)); those Answers, <u>inter alia</u>, concede that Plaintiffs are entitled to certain relief.[2] Following the filing of those Answers, Plaintiffs in both cases filed Motions for Judgment on the Pleadings (1:12CV589 (Doc. 116); 1:14CV299 (Doc. 72)), and all parties consented (1:12CV589 (Docs. 116 and 117); 1:14CV299 (Docs. 72 and 73)).

In addition to the pleadings described above, Thom Tillis, Speaker of the North Carolina House of Representatives, and Phil Berger, President Pro Tempore of the North Carolina Senate, filed motions to intervene (1:12CV589 (Doc. 119); 1:14CV299 (Doc. 75)) and those motions have been granted on the conditions

---

[2] The parties are in agreement with respect to the dismissal of certain parties and claims (<u>see</u> 1:12CV589 (Docs. 112, 113, 121; 1:14CV299 (Docs. 67, 68, 77)) and this order addresses without analysis the dismissal of individuals and claims as agreed-upon by the parties.

set forth in that order. (1:12CV589 (Doc. 134); 1:14CV299 (Doc. 90).)

The pleadings indicate that Plaintiffs in each of these cases has standing to bring these claims. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and § 1343(a)(3)(deprivation under State law of any right secured by the Constitution). Pursuant to Fed. R. Civ. P. 8(b)(6), all allegations not denied are deemed admitted.

In light of briefs and representations of the parties (1:12CV589 (Docs. 103, 104, 105, 106, 112, 113); 1:14CV299 (Docs. 56, 57, 58, 59, 67, 68)), those matters admitted by the State of North Carolina in its Answers, and the holding of the United States Court of Appeals for the Fourth Circuit in Bostic v. Schaefer, 760 F.3d 352 (4th Cir. 2014), this court finds that the relief requested by Plaintiffs in each of these cases should be granted with respect to those matters now ripe for ruling.

Bostic addressed Virginia law and a Virginia constitutional amendment prohibiting same-sex marriages and making same sex marriages invalid. Id. Most importantly here, the Virginia constitutional amendment addressed in Bostic stated "[t]hat only a union between one man and one woman may be a marriage valid in or recognized by this Commonwealth and its political subdivisions." Id. at 368 (quoting Va. Const. art. I, § 15-A).

The Fourth Circuit held in Bostic that "we conclude that the Virginia Marriage Laws violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the extent that they prevent same-sex couples from marrying and prohibit Virginia from recognizing same-sex couples' lawful out-of-state marriages." Bostic, 760 F.3d at 384. The Supreme Court of the United States recently denied certiorari, Rainey v. Bostic, No. 14-153, 2014 WL 3924685 (U.S. Oct. 6, 2014), and the Fourth Circuit Court of Appeals has issued its mandate. Bostic v. Schaefer, Nos. 14-1167, 14-1169, 14-1173, 2014 WL 4960335 (4th Cir. Oct. 6, 2014).

A decision by a circuit court is binding on this court. See Allegheny Gen. Hosp. v. NLRB, 608 F.2d 965, 970 (3rd Cir. 1979)("A decision by this court, not overruled by the United States Supreme Court, is a decision of the court of last resort in this federal judicial circuit."); United States v. Brown, 74 F. Supp. 2d 648, 652 (N.D. W.Va. 1998) ("[A] district court is bound by the precedent set by its Circuit Court of Appeals, until such precedent is overruled by the appellate court or the United States Supreme Court."). As recognized by another court in this district:

> [T]he doctrine of stare decisis makes a decision on a point of law in one case a binding precedent in future cases in the same court, and such courts as owe obedience to the decision, until such time as the

> effect of the decision is nullified in some fashion: reversed, vacated, or disapproved by a superior court, overruled by the court that made it, or rendered irrelevant by changes in the positive law.

Addison v. Piedmont Aviation, Inc., 745 F. Supp. 343, 349 (M.D.N.C. 1990)(quoting 1B Moore's Federal Practice ¶ 0.402[2] at 25-27). See also Alexander v. City of Greensboro, No. 1:09-CV-934, 2011 WL 13857, at *5 n. 5 (M.D.N.C. Jan. 4, 2011); Baldwin v. City of Winston-Salem, 544 F. Supp. 123, 124 (1982), aff'd, 710 F.2d 132 (4th Cir. 1983).

This court has independently reviewed the relevant statutes and state constitutional amendments under both Virginia and North Carolina law. As stated by all parties, including the State of North Carolina, this court finds no substantive distinction between the North Carolina statutes and constitutional amendment and the statutory and constitutional provisions addressed in Bostic v. Schaefer. North Carolina Const. art. XIV, § 6 provides, almost identically to the Virginia constitutional amendment, that "marriage between one man and one woman is the only domestic legal union that shall be

- 5 -

valid or recognized in this State."[3] As the parties jointly submit, Bostic v. Schaefer, 760 F.3d 352 (4th Cir. 2014), constitutes controlling precedent as to this district court.[4]

As required by the Fourth Circuit's precedent in Bostic, by and with the agreement of Defendants in these cases,

**IT IS HEREBY ORDERED** that North Carolina Const. art. XIV, § 6, N.C. Gen. Stat. § 51-1, and N.C. Gen. Stat. § 51-1.2 are declared **UNCONSTITUTIONAL** to the extent those laws prevent same-sex couples from marrying and prohibit the State of North Carolina from recognizing same-sex couples' lawful out-of-state marriages.[5]

---

[3] North Carolina's amendment contains a provision which states "[t]his section does not prohibit a private party from entering into contracts with another private party . . . ." North Carolina Const. art. XIV, § 6. Although the Virginia amendment does not contain similar language, this contractual language in the North Carolina amendment does not appear to this court, and has not been argued by the parties, to remove the North Carolina amendment and relevant statutes from the broad language of Bostic.

[4] Bostic also recognized the similarity of North Carolina's statutory and constitutional scheme. Bostic, 760 F.3d at 367, n.1 ("Three other states in this Circuit have similar bans: North Carolina, N.C. Const. art. XIV, § 6; N.C. Gen. Stat. §§ 51-1, 51-1.2 . . . .").

[5] Plaintiffs' proposed order contained different suggested language for this order. The language for this paragraph and the following paragraph is derived from, and in large part is identical to, the language from the Fourth Circuit's holding in Bostic, 760 F.3d at 384, and this court finds no reason at the present time to modify that language.

**IT IS FURTHER ORDERED** that the State of North Carolina, the Attorney General, and all officers, agents, and employees of the State of North Carolina are hereby **ENJOINED** from implementing or enforcing any provisions of North Carolina Const. art. XIV, § 6, N.C. Gen. Stat. § 51-1, and N.C. Gen. Stat. § 51-1.2 which prevent same-sex couples from marrying and prohibit the State of North Carolina from recognizing same-sex couples' lawful out-of-state marriages.

**IT IS FURTHER ORDERED** that Plaintiffs' claims (i) concerning the adoption laws of North Carolina (Plaintiffs' First, Second, Third, Fourth, and Fifth Claims for Relief in <u>Fisher-Borne v. Smith</u>, First Amended Complaint, 1:12CV589 (Doc. 40) (July 19, 2013)); and Plaintiffs' Fourth, Fifth, Sixth, and Seventh Claims for Relief in <u>Gerber v. Cooper</u>, Complaint, 1:14CV299 (Doc. 1) (Apr. 9, 2014)), and (ii) against the Clerk of the Superior Court for Guilford County, the Clerk of the Superior Court for Durham County, and the Clerk of the Superior Court for Catawba County, are **DISMISSED WITHOUT PREJUDICE** as **MOOT** and/or **NOT RIPE**.

**IT IS FURTHER ORDERED** that the pending motions for preliminary injunction (1:12CV589 (Doc. 75); 1:14CV299 (Doc. 3)) are **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that any claim by Plaintiffs for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 is severed and will be considered upon appropriate motions of the parties.

A judgment shall be entered contemporaneously with this Order.

This the 15th day of October, 2014.

_____
United States District Judge